1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PARWINDER SINGH,

               Petitioner,

     v.

CHRISTOPHER CHESTNUT, *et al*.,

               Respondents.

Case No. 2:26-cv-00789-CV (PDx)

**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [14]**

On February 2, 2026, the Court issued a Temporary Restraining Order, which ordered Petitioner's immediate release from detention and enjoined Respondents from re-detaining him without notice and a pre-detention hearing. Doc. # 14 ("TRO") at 5. The TRO also ordered Respondents to show cause why a preliminary injunction should not issue by February 9, 2026 ("OSC"), and required Petitioner to file a reply by February 13, 2026. *Id.* at 6.

On February 9, Respondents filed a response to the OSC. Doc. # 15 ("Response"). Petitioner did not file a reply. Having reviewed and considered the briefing, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

1

## I.    BACKGROUND

On January 16, 2026, Petitioner Parwinder Singh ("Petitioner") filed a Verified Petition for Habeas Corpus in the Eastern District of California against Respondents Christopher Chestnut, Warden of the California City Correctional Facility, Todd Lyons, Acting Director of ICE, Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"), and Pamela Bondi, Attorney General of the United States (collectively, "Respondents"). Doc. # 1 ("Pet."). Petitioner simultaneously filed a Motion for Temporary Restraining Order, which requested the Court to order Petitioner's immediate release from detention. Doc. # 2-1 at 12.

On January 21, 2026, the Honorable Daniel J. Calabretta transferred this case to the Central District of California after determining that Petitioner was being held at the Adelanto Detention Center, which is located in the Central District.[1] Doc. # 10. This case was assigned to this Court on January 26, 2026. Doc. # 12.

On February 2, 2026, this Court issued the TRO, ordering:

> 1.    Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without notice and a pre-detention hearing.
>
> 2.    To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

---

[1] Because Petitioner was being held in Adelanto, the Court subsequently dismissed Respondent Christopher Chestnut as an improper defendant. TRO at 2 n.1.

1    3.    This temporary restraining order shall take immediate effect and

2    expires at 5:00 p.m. PT on February 16, 2026. The temporary restraining order

3    may be extended for good cause or upon Respondents' consent.

4    4.    Respondents are ordered to show cause why a preliminary

5    injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file

6    any written response to the Order to Show Cause no later than February 9,

7    2026. Failure to file a response by this deadline shall be deemed as consent to

8    the granting of a Preliminary Injunction. Petitioner shall file a reply no later

9    than February 13, 2026.

10    5.    The Court shall decide, after reviewing the parties' papers,

11    whether to hold a hearing on the Order to Show Cause or to take the Order to

12    Show Cause under submission.

13

14    TRO at 5–6.

15    The Court has previously recounted the factual background in this case in the TRO,

16    which is incorporated here by reference. TRO at 2.

17    **II.    LEGAL STANDARD**

18    A preliminary injunction is "an extraordinary remedy that may only be awarded

19    upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def.*

20    *Council, Inc.*, 555 U.S. 7, 22 (2008). Under *Winter*, a plaintiff seeking a preliminary

21    injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that

22    the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that

23    the balance of equities tip in its favor, and (4) that the public interest favors an injunction."

24    *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014)

25    (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious

26    questions' standard, also known as the 'sliding scale' variant of the *Winter* standard,"

27    *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the

28    four *Winter* elements are "balanced, so that a stronger showing of one element may offset

1    a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131

2    (9th Cir. 2011). Under this approach, a preliminary injunction may be warranted where

3    there are "'serious questions going to the merits' and a hardship balance that tips sharply

4    toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

5    **III.    DISCUSSION**

6        In response to the OSC, Respondents argue that they have complied with the TRO

7    by releasing Petitioner from custody. Response at 1. Respondents make no arguments as

8    to the merits of the Preliminary Injunction. Rather, they argue that (1) Petitioner lacks

9    standing to request a preliminary injunction because he is not suffering actual or imminent

10   harm, and (2) Petitioner's case is moot because he has been released from detention. *Id.* at

11   1–3. The Court addresses each of these arguments below.

12        **A.    Petitioner had Standing at the Commencement of the Lawsuit**

13        Respondents argue that Petitioner does not have standing to request a preliminary

14   injunction because he is not suffering actual or imminent harm. *Id.* at 2–3. Respondents

15   contend that Petitioner is no longer suffering actual harm because he has been released,

16   and cannot establish imminent harm based on speculation that he might be re-detained in

17   the future. *Id.*

18        Article III of the U.S. Constitution confers authority on the federal courts to hear

19   cases or controversies brought by plaintiffs who have a "personal stake in the case—in

20   other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423. To demonstrate

21   standing, a plaintiff must show: "(i) that he suffered an injury in fact that is concrete,

22   particularized, and actual or imminent; (ii) that the injury was likely caused by the

23   defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing

24   *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Moreover, "standing is to be

25   determined *as of the commencement of suit*." *Paradise Creations, Inc. v. UV Sales, Inc.*,

26   315 F.3d 1304, 1309 (Fed. Cir. 2003) (quoting *Lujan*, 504 U.S. at 570 n. 5) (emphasis

27   added).

28

1    Here, there is no dispute that Petitioner was suffering actual harm at this lawsuit's
2    commencement because he was being held in detention at that time. *See Arevalo v.*
3    *Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention
4    constitutes irreparable harm."). Respondents are correct that Petitioner must retain his
5    personal stake in the case throughout the course of the litigation; however, this argument
6    must be analyzed under the doctrine of mootness, not standing. *See Arizonans for Off. Eng.*
7    *v. Arizona*, 520 U.S. 43, 68 n. 22 (1997) (explaining that mootness is "the doctrine of
8    standing set in a time frame: The requisite personal interest that must exist at the
9    commencement of the litigation (standing) must continue throughout its existence
10   (mootness)"); *WildEarth Guardians v. Pub. Serv. Co. of Colorado*, 690 F.3d 1174, 1182
11   (10th Cir. 2012) ("Mootness usually results when a plaintiff has standing at the beginning
12   of a case, but, due to intervening events, loses one of the elements of standing during
13   litigation."). The Court addresses Respondents' mootness argument below.

14        **B.    The Petition is not Moot**

15        The Supreme Court has set a "stringent" standard for determining whether a case
16   becomes moot due to a defendant's voluntary cessation of challenged conduct. *Friends of*
17   *the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting
18   *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). A case
19   is moot only when "subsequent events make it absolutely clear that the allegedly wrongful
20   behavior could not reasonably be expected to recur." *Id.* The party asserting mootness bears
21   a "heavy burden" to make that showing. *Id.*

22        The Ninth Circuit has deemed habeas petitions moot where the government's actions
23   fully and permanently resolve the petitioner's claim. *See, e.g.*, *Panosyan v. Mayorkas*, 854
24   F. App'x 787, 788 (9th Cir. 2021) (finding habeas petition moot where petitioner's bond
25   release became final after ICE declined to appeal); *Valdez v. Benov*, 715 F. App'x 611, 614
26   (9th Cir. 2017) (same where petitioner's good time credits were restored). The Ninth
27   Circuit has also found mootness when the government grants the habeas petitioner's
28   requested relief and provides sworn assurances that the challenged conduct would not

1  recur. *See, e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding habeas
2  petition moot after the petitioner's release, supported by a government declaration
3  guaranteeing parole absent changed circumstances); *De Gomez v. Baker*, 606 F. App'x 409
4  (9th Cir. 2015) (same where release was accompanied by sworn assurances that re-
5  detention would not occur without a bond hearing).

6       Here, Respondents have complied with the TRO, and Petitioner is not presently in
7  ICE custody. Respondents have not, however, met their "heavy burden" to demonstrate
8  mootness. They have provided no assurance—sworn or otherwise—that Petitioner will not
9  be re-detained unlawfully upon the expiration of the TRO. Nor have they pointed to
10  anything in the record showing that it is "absolutely clear" that the challenged conduct is
11  not likely to recur. If anything, the facts in the record suggest that Petitioner's re-detention
12  is quite likely absent a preliminary injunction. For one thing, once the TRO expires,
13  Petitioner would be in the exact same position he was in when Respondents first detained
14  him—released on an order of recognizance. *See* Pet. ¶ 1. Moreover, Petitioner notes in his
15  TRO request that Respondents have been carrying out an official policy of treating
16  noncitizens who entered the United States without permission or parole, including
17  noncitizens who had already been detained and released on recognizance, as subject to
18  mandatory detention without a bond or pre-detention hearing under 28 U.S.C. 1225(b)(2).
19  Doc. # 2-1 at 1–2, 4–7. Respondents did not refute this point in their opposition to the TRO
20  request. *See generally* Doc. # 8. Accordingly, the Court will not deny a preliminary
21  injunction on mootness grounds.[2]

22
23
24

---

[2] The Court acknowledges that certain aspects of the TRO are now moot. For example, the portion of the
TRO requiring Respondents to immediately release Petitioner is moot because Petitioner has already
received that relief. However, the TRO is not moot as to the orders that (1) enjoin Respondents from re-
detaining Petitioner without notice and a pre-detention hearing, and (2) in order to preserve the Court's
jurisdiction, enjoin Respondents from transferring, relocating, or removing Petitioners outside of the
Central District of California pending final resolution of this case or further order of the Court, unless
executing a final order of removal against Petitioner.

**IV.   CONCLUSION**

   For the foregoing reasons, the Court issues a Preliminary Injunction and ORDERS as follows:

   1.   For the pendency of this lawsuit, Respondents are enjoined and restrained from re-detaining Petitioner without notice and a pre-detention hearing.

   2.   To preserve the Court's jurisdiction, for the pendency of this lawsuit, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

   **IT IS SO ORDERED**.

Dated:  2/15/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE