UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAWARWINDER SINGH, | Case No. 2:26-cv-00789-PD |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Pawarwinder Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention on three grounds: (1) violation of substantive due process rights; (2) violation of his procedural due process rights; and (3) violation of the Immigration and Nationality Act.

On February 2, 2026, the District Judge granted Petitioner's motion for temporary restraining order ("TRO") and ordered Respondents to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and enjoined Respondents from re-detaining Petitioner without notice and a pre-detention hearing.  Dkt. No. 14 at 5.  Petitioner was released pursuant to the TRO.  *See* Dkt. No. 15 at 2.

On February 15, 2026, the District Judge issued a preliminary injunction enjoining and restraining Respondents "from re-detaining Petitioner without notice and a pre-deprivation hearing."  Dkt. No. 17 at 7.

Respondents subsequently filed an Answer arguing the Petition is moot because Petitioner is no longer in custody.  Dkt. No. 19.  Petitioner responds that his release does not moot the Petition, and he seeks a declaration that his detention under § 1225(b) was unlawful, clarification that he is subject, if at all, to § 1226(a), and an order requiring that any future detention comply with constitutional due process requirements.  Dkt. No. 21 at 3.  At the hearing on April 2, 2026, Respondents confirmed that Petitioner remains released under his original release conditions.  Respondents had no information about whether they intend to re-detain Petitioner.  Respondents also first raised the argument that Petitioner is a member of the certified class in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM.[1]

## I.   Discussion

### A.   Petitioner's Detention Violates His Right to Procedural Due Process

Petitioner alleges in Count Two that his continued detention violates his procedural due process rights.  Dkt. No. 1 at 8.

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining -- without notice or an opportunity to be heard -- noncitizens who had been released shortly after their entry to the United States.  *See Cruz v. Lyons, et*

---

[1] Petitioner does not appear to be a member of the *Bautista* class because Petitioner was detained by the Department of Homeland Security ("DHS") when he entered the United States, and DHS released him on parole subject to certain conditions, including that he attend check-ins with immigration authorities.  Dkt. No. 1, Petition ¶ 1.  However, the Court need not reach that issue, as it was not briefed and the relief obtained here is release, not the bond hearing remedy in *Bautista*.

*al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1.    **Private Interest**

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining his settled life out of custody.  After entering the United States on December 22, 2022, Petitioner, who was born in India, was detained briefly by the Department of Homeland Security ("DHS") and then released on parole.  The release conditions required Petitioner to be placed on Alternative to Detention monitoring and mandated that he check in with Immigration and Customs Enforcement ("ICE") every three months. Dkt. No. 1 at 4.  Following his release from detention, Petitioner timely filed an asylum application, obtained gainful employment, and complied with all conditions of parole.  *Id.* at 4–5. He has no criminal history.  *Id.* at 5. Petitioner was re-detained on December 2, 2025, at his regularly scheduled ICE appointment.  *Id.* at 5.

3

While Petitioner was subject to supervision during his initial release, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Petitioner was released on parole when he entered the United States on December 22, 2022; therefore, he was paroled for nearly three years before being detained on December 2, 2025.  Dkt. No. 1 at 5.  Respondents do not present evidence disputing this or contradicting that Petitioner was gainfully employed prior to his present detention; therefore, his ongoing detention has deprived him of the ability to maintain his settled life out of custody.  While he may have "a lesser liberty interest" "at the margin" than other noncitizens released pending removal proceedings, nonetheless "the same important interest is at stake—freedom from prolonged detention." *Diouf v. Napolitano*, 634 F.3d 1081, 1086-87 (9th Cir. 2011), *overruled on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, No. 5:25-cv-

02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole).  *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2.     Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7.  The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001).  But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The record suggests that Petitioner is not a flight risk or danger to the community.  Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).  Because he was released on parole, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention.  *See* 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited

5

circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

Here, Respondents present no evidence that Petitioner became a flight risk or posed a danger to the community before he was arrested and detained. In fact, Petitioner was re-detained when he appeared at his scheduled ICE check-in, in compliance with the conditions of his release.

Based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3.    Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In short, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in his unnecessary

detention, and the Government's interest in refusing to provide such process is minimal.  The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

For these reasons, the Court grants Count Two of the Petition.  The Court does not reach counts One and Three, which are dismissed without prejudice.

Further, Respondents are enjoined and restrained from re-detaining Petitioner without notice and a pre-deprivation hearing, unless executing a final order of removal that has been issued against Petitioner.

IT IS SO ORDERED.

DATED: April 3, 2026

*Patricia Donahue*

_____
Patricia Donahue
United States Magistrate Judge

7